**IN THE COURT OF APPEALS OF IOWA**

No. 16-1983
Filed June 7, 2017

**IN THE INTEREST OF K.C.,**
**Minor Child.**

**K.C., Minor Child,**
        Appellant.

_____

        Appeal from the Iowa District Court for Scott County, Cheryl E. Traum (adjudication) and Christine Dalton Ploof (disposition), District Associate Judges.

        The minor child appeals from the juvenile court's adjudicatory and dispositional orders, arguing there was not sufficient evidence to find him delinquent. **AFFIRMED.**

        Lauren M. Phelps, Davenport, for appellant.

        Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee.

        Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**MULLINS, Judge.**

K.C., a minor child, appeals from the juvenile court's orders adjudicating him delinquent for committing aggravated theft in violation of Iowa Code section 714.3A (2015). He argues there was not sufficient evidence to support the court's findings.

The juvenile court summarized the facts as follows:

> In the late evening of December 25, 2015, [K.C.] and [Kn.C., K.C.'s older brother,] entered [a] convenience store . . . in Bettendorf, Scott County, Iowa. They purchased some items and left. Approximately an hour later they returned, browsed the store, and attempted to leave without buying anything. The store clerk that night . . . was suspicious of the boys and had already called the police upon their second entrance in to the store. Her suspicions were partly based on the fact that a theft occurred at the store just a week or two earlier. Because she suspected that the boys were engaging in a theft, she attempted to prevent the boys from leaving the store by blocking the exit. As they tried to leave the store, [the clerk] was involved in an altercation with [Kn.C.] at which time [K.C.] punched her in the head.
>
> [The clerk] testified that she observed the boys looking at a display of drones. She testified that she knew how many drones were stocked in the display, based partly on the physical display and how high the boxes were stacked. She testified that two boxes of drones were missing from the display that night and that the drones were priced at $29.99 each. [The clerk] identified [Kn.C.] and [K.C.] as the children involved that evening.
>
> In addition to [the clerk]'s testimony, the court received the testimony of Police Officer Christina Thomas. Officer Thomas responded to [the store clerk]'s call on the night in question. [The officer] testified that she observed the video from the store showing the boys' movement and appearance within the store. [The officer testified she] eventually made contact with the boys at their home and that they were still wearing the same clothing that they wore at the store. Officer Thomas asked the boys to turn the drones over so she could return them to the store. [K.C.] responded that they did not have the drones anymore. Officer Thomas also identified [Kn.C.] and [K.C.] as the boys with whom she spoke about the drones.
>
> The State filed [a delinquency] petition alleging that the children committed the offenses of robbery in the second degree in

violation of Iowa Code section 711.3 and aggravated theft, [first] offense, in violation of Iowa Code section 714.3A(2)(a).

In September 2016, the juvenile court adjudicated K.C. delinquent for acts, which if committed by an adult, would constitute aggravated theft. *See* Iowa Code § 232.2(12)(a) (providing a "[d]elinquent act" is "[t]he violation of any state law or local ordinance which would constitute a public offense if committed by an adult"). In October, the court entered a dispositional order placing K.C. on supervised probation for one year and ordering him to complete sixteen hours of community service and participate in a diversion program.

"We review delinquency proceedings de novo." *In re A.K.*, 825 N.W.2d 46, 49 (Iowa 2013). "Although we give weight to the factual findings of the juvenile court, especially regarding the credibility of witnesses, we are not bound by them." *Id.* "We presume the child is innocent of the charges, and the State has the burden of proving beyond a reasonable doubt that the juvenile committed the delinquent acts." *Id.*; *see also* Iowa Code § 232.47(10).

Iowa Code section 714.3A(1) provides:

> A person commits aggravated theft when the person commits an assault . . . that is punishable as a simple misdemeanor . . . , after the person has removed or attempted to remove property not exceeding two hundred dollars in value which has not been purchased from a store or mercantile establishment, or has concealed such property of the store or mercantile establishment, either on the premises or outside the premises of the store or mercantile establishment.

On appeal, K.C. argues there was not sufficient evidence to support the juvenile court's findings. However, he concedes that, if we find sufficient evidence he removed or attempted to remove the drones from the store, or

somehow concealed the drones, then his interaction with the store clerk constituted a simple misdemeanor assault.

"Determinations of credibility are in most instances left for the trier of fact, who is in a better position to evaluate it." *State v. Weaver*, 608 N.W.2d 797, 804 (Iowa 2000). The juvenile court here "assesse[d] credibility to the State's witnesses." The court relied on the store clerk's testimony "that she was suspicious of the boys wandering around the store, two drones were missing from the store and that an assault was committed when [K.C.] punch[ed] [the clerk]." The court also relied on the officer's testimony that, when the officer questioned K.C., he told her they no longer had the drones—which the court recognized as "an admission that they did in fact once have the drones."

Upon our de novo review of the record, we defer to the juvenile court's assessment of the witnesses' credibility and find sufficient evidence to support the court's delinquency adjudication.

**AFFIRMED.**